00471021.010                                                              Richard J. Rinear (0027114)
                                                                          W. John Sellins (0018747)
                                                                          Attorneys for Capitol Ins. Cos.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION<br>P.O. Box 5900<br>Madison, Wisconsin 43705-0900 | : | Case No.: 2:10-cv-432 |
| | : | Judge: |
| Plaintiff, | : | |
| -vs- | : | |
| SPLASH DOGS, LLC<br>640 Bailey Road, Suite 400<br>Pittsburgh, CA 94565 | : | **COMPLAINT FOR DECLARATORY JUDGMENT AND MONEY** |
| and | : | |
| RANDY WOODS<br>1102 East U.S. Highway 40<br>Cloverdale, IN 46120 | : | |
| Defendants. | : | |

## INTRODUCTION

1.     Intervening Defendant, Capitol Specialty Insurance Corporation ("Capitol") is a property and casualty insurance company with its principal place of business in Madison, Wisconsin.

2.     On April 16, 2008, Plaintiff J4 Promotions, Inc. dba DockDogs ("Dockdogs") initiated an action in the United States District Court, Northern District of Ohio against Splash Dogs, LLC ("Splash Dogs") and individuals claimed to be members of Splash Dogs or otherwise associated with Splash Dogs.  Defendants Wendy Krehbiel Than and K. Nguyen and Tracey Wood have been dismissed from that action.

3. By Memorandum and Order of February 13, 2009, Judge O'Malley of the United States District Court, Northern District of Ohio determined that the court had personal jurisdiction over all the claims asserted against all the Defendants except Nguyen. That court further held "Because the Defendants came to the Southern District of Ohio to conduct a canine dock jumping event, and because this conduct is directly related to their Copy Infringement, Deceptive Trade Practices, and Unfair Competition claims, the Southern District of Ohio is a proper venue for all of the claims that arise from the Defendants' most significant contacts with the state of Ohio." The case was transferred to the United States District Court for the Southern District of Ohio, Eastern Division, Case No. 2:09 CV-136.

4. Nine months after this case was transferred to the United States District Court, Southern District of Ohio, Eastern Division and nineteen months after the initial filing of this case, Splash Dogs and the other Defendants notified Capitol of the pending lawsuit and requested that Capitol provide insurance coverage for the claims asserted in the Complaint.

5. Capitol states that the failure of Defendants to meet insurance policy conditions precedent regarding notice of the claims and suit are prejudicial to Capitol, that claims asserted by DockDogs are not within the Insuring Agreement or are excluded by the terms and conditions of the policy and coverage for defense expenses should be denied.

6. Capitol respectfully requests that this court issue a Declaratory Judgment that Splash Dogs failure to give timely notice of the claims and the pending action violates a condition precedent to insurance coverage and seeks a declaration that some or all of the claims alleged in the Complaint fall outside the insurance coverage or are otherwise excluded by the provisions, terms and conditions of the insurance policy.

**PARTIES**

7. Capitol Specialty Insurance Corporation is a property and casualty insurance company which provides specialty insurance coverages, including coverage for Sports and Recreation Providers Association Purchasing Group located in Wheaton, Illinois.  Splash Dogs is a California limited liability company with its principal place of business in Pittsburg, California. Splash Dogs is stated to be a dog enthusiast company, formed in 2003 which organizes, sanctions, and promotes dock jumping competitions in the United States.

8. Randy Woods is an Indiana resident and upon information and belief, is an employee of Splash Dogs and from 2002 until May, 2005 worked as an independent contractor for events and activities on behalf of J4 Promotions, Inc., dba DockDogs.

9. J4 Promotions, Inc., dba DockDogs is a Wyoming corporation with its principle place of business in Medina, Ohio.  DockDogs is in the business of holding and promoting athletic competitions involving dogs and their handlers.

10. DockDogs brought an action against Defendant Splash Dogs, Reed and Wood alleging that these parties misappropriated and copied numerous aspects of DockDogs' business and incorporated them into Splash Dogs' business.  The claims against Defendants Splash Dogs, Reed and Wood include Copyright Infringement, Defamation, Deceptive Trade Practices under the Ohio Revised Code, Tortious Interference with Business Relations, and Unfair Competition.

11. Capitol's interest has been adversely impaired and affected by Defendants' failure to give notice of the claim or suit until nineteen months after the lawsuit was filed by DockDogs in the United States District Court, Northern District of Ohio.

12. Capitol further states that its interests may be adversely affected and its abilities to protect its interests impaired without a determination of its duty to defend and indemnify Defendants for damages alleged by DockDogs.

**JURISDICTION AND VENUE**

13. Capitol has a right to bring this action pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure.

14. This court has jurisdiction over this action pursuant to 28 U.S.C. §1332, Diversity of Citizenship and the amount in controversy exceeds $75,000. There is a present and actual controversy between the parties.

15. Venue is proper in this court pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events or omissions giving rise to the underlying claim occurred in this judicial district and is in accord with the Order of the United States District Court, Northern District of Ohio, Eastern Division entered February 13, 2009.

**THE CONTROVERSY**

16. On April 16, 2008 Plaintiff DockDogs filed a Six-Count Complaint in the United States District Court, Northern District of Ohio, Eastern Division[1] alleging Copyright Infringement, Defamation, Deceptive Trade Practices, Tortious Interference with Business Relations and Unfair Competition. A copy of the Complaint filed by J4 Promotions pending in Case No. 2:09-CV-136 is attached as Exhibit 1.

17. The Complaint alleges, inter alia, that Plaintiff began holding and promoting dog sporting events in 2000. In conjunction with canine dock jumping events, Plaintiff alleges it developed and promulgated original rules and policies for its events and for its national ranking and qualifications which it has registered with the United States Copyright Office. Plaintiff also owns federal trademark registrations or applications for the following marks - DOCKDOGS, SPEED RETREIVE, EXTREME VERTICAL, DOCK DIVING AND DOCK JUMPING. The

---

[1] Case was transferred to the United States District Court, Southern District of Ohio by order of February 13, 2009.

4

Complaint alleges that Plaintiff uses each of these marks to advertise and promote its canine athletic competitions.

18. The Complaint alleges that Splash Dogs is also engaged in the business of holding canine athletic events. Defendant Reed initially became interested in organizing and promoting dog dock jumping events after watching one of Plaintiff's competitions in the summer of 2003. Plaintiff further adopts and incorporates by reference, the analysis of the Honorable Kathleen O'Malley, United States District Court, Northern District of Ohio at pages five through eight of the Memorandum and Order of Case No. 08 CV 977 filed February 13, 2009. Plaintiff DockDogs initiated this lawsuit in the United States District Court, Northern District of Ohio, Eastern Division on April 16, 2008. Defendants Splash Dogs and Wood first notified Capitol of the lawsuit on November 11, 2009. Capitol undertook an investigation and defense pursuant to a reservation of rights letter issued January 20, 2010.

19. Capitol provided to the Defendants, a General Liability policy pursuant to **CG 00 01 42 07,** the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM.** Part 1. of the Insuring Agreement, is modified by endorsement **CGL 292 03 06,** the **COMBINATION ENDORSEMENT** which states:

> **AMENDMENT OF INSURING AGREEMENT - KNOWN INJURY OR DAMAGE**
>
> "Insuring Agreement I. under **SECTION I, COVERAGE A,** of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** is replaced by the following:
>
> 1. Insuring Agreement
>
>     a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)    The "bodily injury" or "property damage" occurs during the policy period; and

        (3)    Prior to the policy period, no one knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If anyone knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period."

    c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by anyone, including any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

    d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when **anyone:**

        (1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

        (2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

        (3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

    e.    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

This policy section states that there is no coverage for damages arising out of "bodily injury" or "property damage" that occur outside of a policy period; does not apply to damages that were known, all or in part, by anyone, prior to the inception of the policy, and does not cover damages to which this insurance does not apply.

20.    The first Capitol policy, Certificate number 24725, was in effect for the period 3/5/2007 to 3/5/2008. The second Capitol policy, Certificate number 45680, was in effect for the period 3/11/2008 to 3/11/2009.

21.     The lawsuit alleges that the misappropriation of their marks, products and business methods began in December 2003 which is prior to the inception of both policies. The lawsuit also contains allegations that false and defamatory statements were made by defendants to outside parties including two specific dates in May and June 2007, which predated the Capitol policy period. Capitol does not know when the claimed damages occurred or were known, or when the alleged actions took place.

22.     **SECTION II** of the policy defines **"WHO IS AN INSURED",** It states:

    1.     If you are designated in the declarations as:

        c.     A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are also insureds, but only with respect to their duties as your managers

    2.     Each of the following is also an insured:

        a.     ...your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business...

When qualifying as insureds, your employees are subject to the same terms, conditions and exclusions as the named insureds.

23.     In **SECTION V - DEFINITIONS,** there are definitions of the pertinent terms associated with this claim. They are as follows:

    3.     "Bodily injury" means bodily injury, sickness or disease sustained by a person....

    13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    17     "Property damage" means:

        a.     Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

7

  b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

24. The plaintiff alleges that Splash Dogs infringed on their copyrights and business marks, and made defamatory and false statements about the plaintiff. The plaintiff also makes claims for injunctive relief; and alleges statutory violations consisting of deceptive trade practices. These are not claims for "bodily injury" or "property damage", as defined by the policy. There is no coverage under **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** of the policy of insurance with Capitol for these claims, nor is there coverage for the allegations of violations of state statutes being made against you.

25. **Section I - Coverages, Coverage B Personal And Advertising Injury Liability, 1. Insuring Agreement** provides coverage for those sums the insured becomes legally obligated to pay as damages because of personal and advertising injury under language similar to **Coverage A**, quoted above.

As set forth in **Section V - Definitions No. 14.**

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;
b. Malicious prosecution;
c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
e. Oral or written publication of material that violates a person's right of privacy;
f. The use of another's advertising idea in your "advertisement"; or
g. Infringing upon another's copyright, trade dress or slogan in your "advertisement."

8

26.     There are exclusions in the policy that apply to **Coverage B Personal And Advertising Injury Liability,** and the claims that are being made against you. Under **Section I, 2. Exclusions,** provides that:

This insurance does not apply to:

    **a.**    **Knowing Violation Of Rights Of Another**
"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

    **b.**    **Material Published With Knowledge Of Falsity**
"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

    **c.**    **Material Published Prior To Policy Period**
"Personal and advertising *injury"* arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

    **d.**    **Criminal Acts**
"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

    **e.**    **Contractual Liability**
<u>"Personal and advertising injury" for which the insured has assumed liability in</u> a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

    **f.**    **Breach Of Contract**
"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

    **g.**    **Quality Or Performance Of Goods - Failure To Conform To Statements**
"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement"

    **h.**    **Wrong Description Of Prices**
"Personal and advertising injury" arising out of the wrong description of the price of goods, products or services stated in your "advertisement".

    **i.**    **Infringement Of Copyright, Patent, Trademark Or Trade Secret**
"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

    **j.**    **Insureds In Media And Internet Type Businesses**
"Personal and advertising injury" committed by an insured whose business is:

    (1)    Advertising, broadcasting, publishing or telecasting;
    (2)    Designing or determining content of web-sites for others; or
    (3)    An Internet search, access, content or service provider.

However, this exclusion does not apply to Paragraphs **14 a., b.** and **c.** of "personal and advertising injury" under the Definitions Section.

For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, is not by itself, considered the business of advertising, broadcasting, publishing or telecasting.

    **k.**    **Electronic Chatrooms Or Bulletin Boards**
"Personal and advertising injury" arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.

    **l.**    **Unauthorized Use Of Another's Name Or Product**
"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

27.    **SECTION V - DEFINITIONS** contains the following definition:

    **1.**    **"Advertisement"** means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

    a.    Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    b.    Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

28.     These policy sections, exclusions, and definitions apply to the allegations and claims contained in the lawsuit, including copyright infringement, intentional interference in business relations, and defamation. Capitol states there is no coverage for "personal and advertising injury" of a verbal or written nature whose publication, written or oral, predates either policy inception. There is also no coverage for damages arising out of knowing violation of another's rights; for publication of materials with knowledge of falsity; for damages arising out of criminal acts; for unauthorized use of another's name or product within Internet use; and for damages arising out of infringement, copyright, trademark or trade secret, with the exception of infringement in. your "advertisement". However, there are no allegations being made against Splash Dogs for any damages arising out of any "advertisement".

29.     Capitol further states that the Policy endorsement GGL 292 Combination Endorsement also contains an exclusion entitled EXCLUSION - **PUNITIVE OR EXEMPLARY DAMAGES,** which states that:

This insurance does not apply to punitive or exemplary damages, fines, penalties or multiplied damages.

The policy further contains **Form CGL 179 03 98 EXCLUSION - PUNITIVE OR STATUTORY DAMAGES. This** endorsement states:

This form changes the policy form as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

This policy covers only compensatory damages. It does not cover:

1.  Punitive damages except that if a suit shall have been brought against the insured with respect to a claim for acts or alleged acts falling within the coverage hereof, seeking both compensatory and punitive or exemplary damages, then the company will afford a defense to such action without liability, however, for such punitive or exemplary damages;
2.  Exemplary; or
3.  Statutory damages (such as multiple damages, costs, expenses or attorneys fees).

11

The lawsuit contains claims for exemplary and statutory damages, fines, penalties and attorneys fees, and for injunctive relief from the courts. There is no coverage under the policy for exemplary or statutory damages, fines, penalties, multiplied damages or attorneys fees. The damages claimed involving injunctive relief do not fall under the definition of "property damage", "bodily injury" or "personal and advertising injury" damages and are not covered under either policy.

30. The Capitol policy also includes **Section IV COMMERCIAL GENERAL LIABILITY CONDITIONS,** which states:

>   **2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
>   a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense, which may result in a claim. To the extent possible, notice should include:
>
>   (1) How, when and where the "occurrence" or offense took place;
>   (2) The names and addresses of any injured persons and witnesses; and
>   (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
>   b.  If a claim is made or "suit" is brought against any insured, you must:
>
>   (1) Immediately record the specifics of the claim or "suit" and the date received; and
>   (2) Notify us as soon as practicable.
>
>   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
>   c.  You and any other involved insured must:
>
>   (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
>   (2) Authorize us to obtain records and other information;
>   (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent

31. The lawsuit was filed in April, 2008 and was served upon Splash Dogs and Randy Wood prior to 4/30/2008, yet Capitol's first notice of claim came on 11/11/2009. The failure to provide timely notice prejudices Capitol's ability to defend these claims.  Capitol has the right to disclaim coverage and withdraw from the defense of this matter. The above policy language requires the insured to cooperate in the defense of the case and there is no coverage for statutory fines or penalties, or for damages that arise out of the insured's failure to cooperate.

32. Capitol has attached as Exhibit 2, a copy of the policy issued to Sports and Recreation Providers Association Purchasing Group.

33. Notwithstanding the terms and conditions in the policies of insurance issued by Capitol, Splash Dogs, LLC and Woods contend that coverage exists for the action filed by DockDogs under policies issued to Sports and Recreation Providers Association Purchase Group and that these policies require Capitol to provide defense and indemnity coverage for them in the lawsuit filed by the DockDogs Plaintiff.

34. Capitol contends without limitation that no coverage exists for Splash Dogs, LLC and Woods for claims asserted in the DockDogs Complaint under the Commercial General Liability Policies issued by Capitol.  Additionally, the insurance policies issued by Capitol specifically exclude damages alleged by the DockDogs Plaintiff in the action pending in the United States District Court, Southern District of Ohio, Eastern Division, Case No. 2:09-CV-136.

35.     Capitol further contends, without limitation, that no coverage exists for the claims asserted by Plaintiff DockDogs due to the failure of Defendants Splash Dogs and Woods to comply with a condition precedent for coverage concerning notice of the claim or suit.

36.     Capitol states that in light of the controversy regarding the duty to defend, defense costs and indemnification between the parties under the policies of insurance issued by Capitol, a justiciable controversy exists and this court should issue a declaration of rights and duties of the parties under the insurance policy regarding claims that have been asserted by Plaintiff, DockDogs.

37.     Capitol further states that in the event that the court determines there is a duty to defend, the court permit Capitol to participate in the trial of this action and/or to submit jury instructions related to claims of damages in this case to determine what, if any, damages fall within the obligation of Capitol to indemnify Splash Dogs and/or Reed and/or Woods.

## **RELIEF REQUESTED**

WHEREFORE, Capitol Specialty Insurance Company requests that this court enter an Order in favor of Capitol:

1.      Declaring that Defendants' unreasonable delay in providing notice of the claim and/or suit results in a failure of a condition precedent to coverage and, as a result, Capitol has no duty to defend or indemnify Defendants Splash Dogs, LLC and Randy Woods regarding any claims asserted by DockDogs in Case No. 2:09-CV-136 styled J4 Promotions, Inc., Plaintiff v. Splash Dogs, LLC, et al, United States District Court, Southern District of Ohio, Eastern Division.

2.      The policy of insurance of Capitol Specialty Insurance Corporation does not require Capitol Specialty Insurance Corporation to pay defense costs with regard to any claim or obligation arising from insurance certificates or policies issued to Splash Dogs, LLC for injuries and/or damages alleged by J4 Promotions, Inc. dba DockDogs as set forth in the action styled J4

Promotions, Inc., Plaintiff v. Splash Dogs, LLC, et al, United States District Court, Southern District of Ohio, Eastern Division, Case No. 2:09-CV-136.

3.     Capitol Specialty Insurance Corporation has no obligation to provide a defense or pay defense costs to Splash Dogs, LLC or Randy Woods in the action styled J4 Promotions, Inc., Plaintiff v. Splash Dogs, LLC, et al, United States District Court, Southern District of Ohio, Eastern Division, Case No. 2:09-CV-136.

4.     Capitol Specialty Insurance Corporation has no obligation to provide indemnity to Splash Dogs, LLC or Randy Woods or pay any damages that may be awarded in the action styled J4 Promotions, Inc., Plaintiff v. Splash Dogs, LLC, et al, United States District Court, Southern District of Ohio, Eastern Division, Case No. 2:09-CV-136.

5.     For costs and attorney fees incurred by Capitol Specialty Insurance Corporation in the defense of the action styled J4 Promotions, Inc., Plaintiff v. Splash Dogs, LLC, et al, United States District Court, Southern District of Ohio, Eastern Division, Case No. 2:09-CV-136.

6.     For Capitol's costs and expenses incurred herein.

7.     For all further relief, legal and equitable, which this court may deem just and proper.

        Respectfully submitted,

        DRODER & MILLER CO., L.P.A.

        s/Richard J. Rinear
        Richard J. Rinear (0027114)
        rrinear@drodermiller.com
        W. John Sellins (0018747)
        jsellins@drodermiller.com
        125 West Central Parkway
        Cincinnati, Ohio 45202-1006
        (513) 721-1504 ext. 208 and 202
        Fax: (513) 721-0310
        Attorneys for Defendant, Capitol
        Specialty Insurance Corporation